UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN M. MORALES,**

    Petitioner,

v.                                                                     Case No. 8:18-cv-2108-MSS-JSS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## O R D E R

Morales petitions for the writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court conviction for unlawful sexual activity with a minor. After reviewing the petition (Doc. 1) and the response and appendix (Docs. 8 and 8-2), it is **ORDERED** that the petition is **DENIED**.

### PROCEDURAL HISTORY

Morales pled guilty to unlawful sexual activity with a minor. He did not have the benefit of a plea agreement. (Doc. 8-2 at 8–14) The trial court sentenced Morales to 72 months in prison followed by 24 months of community control and 36 months of sex offender probation. (Doc. 8-2 at 18, 21–26) The trial court granted Morales's motion to mitigate his sentence under Rule 3.800(c), Florida Rules of Criminal Procedure and modified his sentence to 48 months in prison followed by 24 months of community control and 60 months of sex offender probation. (Doc. 8-2 at 28–30, 33–34) Morales did not appeal.

Morales moved for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. (Doc. 8-2 at 36–50) The post-conviction court dismissed the claims as facially

1

insufficient with leave to file an amended motion. (Doc. 8-2 at 52–56) Morales failed to file an amended motion, and the post-conviction court denied all claims with prejudice. (Doc. 8-2 at 90–91) Morales appealed, and the state appellate court affirmed. (Doc. 8-2 at 130–31 and 135)

Also, Morales moved to correct his sentence under Rule 3.800(a), Florida Rules of Criminal Procedure (Doc. 8-2 at 139–51), which motion the post-conviction court denied. (Doc. 8-2 at 153–55) Morales appealed, and the state appellate court affirmed. (Doc. 8-2 at 180–81, 187)

Finally, Morales filed a second Rule 3.850 motion. (Doc. 8-2 at 191–99) The post-conviction court denied the motion, Morales appealed, and the state appellate court affirmed. (Doc. 8-2 at 206–13, 277, 295) Morales's timely federal petition followed.

## STANDARDS OF REVIEW

**AEDPA**

Because Morales filed his federal petition after the enactment of the Antiterrorism and Effective Death Penalty Act, AEDPA governs his claims. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA amended 28 U.S.C. § 2254(d) to require:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in

> light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). A decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Clearly established federal law refers to the holding of an opinion by the U.S. Supreme Court at the time of the relevant state court decision. *Williams*, 529 U.S. at 412.

"[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 694 (2002). An unreasonable application is "different from an incorrect one." *Id.* Even clear error is not enough. *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017). A federal petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**Ineffective Assistance of Counsel**

Morales asserts ineffective assistance of counsel — a difficult claim to sustain. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) explains:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

3

> guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To demonstrate prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 691. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690–91. A defendant cannot meet his burden by showing that the avenue chosen by counsel was unsuccessful. *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). Because the standards under *Strickland* and AEDPA are both highly deferential, "when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105. "Given the double deference due,

4

it is a 'rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.'" *Nance v. Warden, Ga. Diag. Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) (citation omitted).

The state appellate court affirmed in an unexplained decision the post-conviction court's order denying Morales's ineffective assistance of counsel claim. (Doc. 8-2 at 295) A federal court "'look[s] through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume[s] that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Because the post-conviction court recognized that *Strickland* governed the claim (Doc. 8-2 at 207–08), Morales cannot meet the "contrary to" test in Section 2254(d). Morales instead must show that the state court either unreasonably applied *Strickland* or unreasonably determined a fact.

**Exhaustion and Procedural Default**

A petitioner must exhaust the remedies available in state court before a federal court can grant relief on habeas. 28 U.S.C. § 2254(b)(1)(A). The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal court may stay — or dismiss without prejudice — a habeas action to allow a petitioner to return to state court to exhaust a claim. *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). If the state court would deny the claim on state

procedural grounds, the federal court instead denies the claim as procedurally barred. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Also, the failure to comply with a state procedural rule governing the proper presentation of a claim generally bars review of that claim on federal habeas. *Coleman*, 501 U.S. at 729. "However, a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). A state court's procedural ruling rests on an independent and adequate state ground if (1) the last state court rendering a judgment in the case clearly and expressly relies on a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law, and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair" manner. *Judd*, 250 F.3d at 1313 (citing *Card v. Dugger*, 911 F.2d 1494, 1516–17 (11th Cir. 1990)).

A petitioner may secure excusal of a procedural default on federal habeas review by (1) showing cause for the default and actual prejudice from the alleged violation of federal law or (2) demonstrating a miscarriage of justice. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

## DISCUSSION

**Ground One**

Morales pled guilty to unlawful sexual activity with a minor in violation of Section 794.05(1), Florida Statutes. (Doc. 1 at 5) He contends that Section 794.05(1) is

unconstitutionally vague as applied to his case and asserts that the trial court violated his due process rights by accepting his plea and entering the conviction. (Doc. 1 at 5–6) In Morales's case, the victim was 17 years, 5 months, and 14 days old at the time of the crime, and Section 794.05(1) prohibits sexual activity by a person 24 years old or older with a person 16 or 17 years old. (Doc. 1 at 6–7) Morales contends that the statute provides inadequate notice that his conduct was prohibited. (Doc. 1 at 6–7)

The post-conviction court denied the claim as follows (Doc. 8-2 at 208–10) (state court record citations omitted):

> . . . Defendant alleges his conviction violates his rights under the Sixth and [Fourteenth] Amendments of the United States Constitution and Section 16 of the Florida Constitution. In particular, he alleges he was prosecuted under section 794.05(1), Florida Statutes, which is capricious and arbitrary. He alleges the statute prohibits a person 24 years of age or older from engaging in sexual activity with a person 16 or 17 years of age. He alleges the activity described by the statute is vague and the charging document follows the language of the vague statute. Defendant bases his argument on his assertion that the victim was not 16 or 17 years old but was 17 years 5 months and 14 days old. He alleges that in order for the statute to be constitutional, "the accused [had to know] that sexual activity with a person 17 years 5 months 14 days old was a crime, as opposed to sexual activity with a person 16 or 17 years of age as section 794.05(1) asserts." He alleges, as a result, section 794.05(1) is so vague, indefinite[,] and uncertain that it violated his rights under both the United States Constitution [and] the Florida Constitution.
>
> As support for his argument, Defendant cites to *State v. Marcel*, 67 So. 3d 1223 (Fla. 3d DCA 2011). Quoting *Marcel*, Defendant asserts "[i]f a defendant is 1 day past the 4[-]year eligibility limit prescribed by section 943.04354 of the Florida State Statute he is ineligible to petition for relief." He alleges in his case the victim was "5 months and 14 days over the 16 to 17 years old limit." He asserts, thus, he could not have been convicted as a matter of law. He contends that the application of overbroad statutes results in the punishment of innocent conduct and severely restricts defendants in preparing a defense.

> The Court finds [the claim] to be without merit. First, Defendant's claim is not cognizable in [a] motion filed pursuant to Florida Rule of Criminal Procedure 3.850 because it should have been brought, if at all, on direct appeal. *See* Fla. R. Crim. P. 3.850(a) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Even if the claim was cognizable, the Court finds *Marcel* is not applicable. In *Marcel*, the appellant was seeking relief under section 943.04354, Florida Statutes, for "so-called 'Romeo and Juliet offenders.'" *Marcel*, 67 So. 3d at 1224. Section 943.04354 provides an exception to sex offender registration if certain criteria are met, including that "the defendant be 'not more than [four] years older than the victim of th[e] violation who was [fourteen] years of age or older but not more than [seventeen] years of age at the time the person committed the violation.'" *Id.* The appellee in *Marcel* was four years, three months, and eight days older than the victim at the time of the crime. *Id.* He argued that in calculating whether he was more than four years older than the victim, the months and the days should not be counted. *Id.* The appellate court disagreed, explaining that such a calculation — known as the "birthday rule" — had only been used in computing age and not in computing time. *Id.*
>
> In this case, it appears Defendant is concluding that because the "birthday rule" was rejected in *Marcel*, it should also be rejected here and the victim should be found to be more than 17 years of age and outside the [parameters] of section 943.04354. This Court does not agree with Defendant's conclusion nor does it find *Marcel* supports such an argument. As explained by the *Marcel* court, it has seen the "birthday rule" applied in calculating age and, in fact, included [the] following citation in its opinion: "*See State v. Moore*, 167 N.C. App. 495, 606 S.E.2d 127 (2004) ("statutory rape statute encompassing victims 'who [are] [thirteen, fourteen, or fifteen] years old' includes victim who was fifteen-years and two-days)." *Id.* As such, the Court find[s] *Marcel* does not support Defendant's argument. Accordingly, for the above reasons, relief is not warranted . . . .

The Respondent asserts that the claim is procedurally barred. (Doc. 8 at 4–5) The post-conviction court denied the claim because it was "not cognizable in [a] motion filed pursuant to Florida Rule of Criminal Procedure 3.850." (Doc. 8-2 at 209) Morales could have

8

presented the claim on direct appeal. (Doc. 8-2 at 209) Even though the post-conviction court also considered the merits of the federal claim, the court clearly and expressly relied on a state procedural rule to resolve the claim. *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("'Through its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.'") (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)). Morales could have and should have raised the as-applied constitutional challenge before his plea[1] and on direct appeal. *Dubose v. State*, 75 So. 3d 383, 384 (Fla. 1st DCA 2011) ("Although claims that a statute is facially unconstitutional can be raised for the first time on appeal, the same is not true for as-applied challenges.") (citations omitted). Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). The post-conviction court's procedural ruling rested on an "independent and adequate" state law ground, and the claim is procedurally defaulted. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990). Morales shows neither cause and actual prejudice nor a miscarriage of justice to excuse the procedural default. (Doc. 1 at 8) Consequently, the claim is procedurally barred from federal review. *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1184–85 (11th Cir. 2021).

By pleading guilty, Morales waived all non-jurisdictional defects including his as-applied challenge to the statute of conviction. Ground One is denied. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court

---

[1] Morales could have pled guilty and reserved the right to raise the issue on appeal. Fla. R. App. P. 9.140(b)(2)(A)(i).

that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Cunningham*, 161 F.3d 1343, 1346 (11th Cir. 1998) ("[I]n *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir.), *cert denied*, 525 U.S. 941, 119 S.Ct. 362, 142 L.Ed.2d 299 (1998), we held that a similar as-applied challenge to the sufficiency of the government's evidence on the connection with commerce was nonjurisdictional, and that a defendant's guilty plea, therefore, waived the issue on appeal."); *United States v. Novak*, 841 F.3d 721, 727 (7th Cir. 2016) ("While a facial attack on a statute's constitutionality is jurisdictional, an as-applied vagueness challenge is not.") (citation and quotation marks omitted).

**Ground Two**

Morales asserts that trial counsel was ineffective for not conveying "the terms of [his] plea offer." (Doc. 1 at 9) He contends that trial counsel failed to explain that, if Morales pled guilty, the trial court would impose community control and sex offender probation. (Doc. 1 at 10) Morales contends that a letter from trial counsel shows that trial counsel conveyed the terms of the plea offer to Morales's mother — but not directly to Morales. (Docs. 1 at 10 and 1-1 at 1–3) He asserts that, if trial counsel had competently advised him, he would not have entered the plea and instead would have exercised his right to a trial. (Doc. 1 at 10)

In his first Rule 3.850 motion, Morales asserted that "Defendant's Attorney [ ], fail[ed] to explain all of defendant's probation stipulations." (Doc. 8-2 at 43) The post-conviction court denied the claim as follows (Doc. 8-2 at 54–55) (state court record citations omitted):

> . . . Defendant alleges ineffective assistance of counsel due to counsel's failure to explain to Defendant all the conditions of probation. After reviewing the allegations, the court file, and the record, the Court finds Defendant's allegations are facially

10

> insufficient as he failed to allege prejudice. In *Spera v. State*, 971 So. 2d 754 (Fla. 2007), the court held that "in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected." *Id.* at 755. As such, [the claim] is dismissed without prejudice to any right Defendant may have to file within sixty (60) days a timely, properly sworn, facially sufficient claim. *Id.*

Morales failed to file an amended motion, and the post-conviction court denied the claim with prejudice. (Doc. 8-2 at 90–91) Morales appealed (Doc. 8-2 at 130–31) and the state appellate court affirmed. (Doc. 8-2 at 135)

The post-conviction court's dismissal of the claim for facial insufficiency is an adjudication on the merits owed deference under 28 U.S.C. § 2254(d). *Boyd v. Comm., Ala. Dep't Corrs.*, 697 F.3d 1320, 1331 (11th Cir. 2012) (quoting *Borden v. Allen*, 646 F.3d 785, 812–13 (11th Cir. 2011)). "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Morales alleged neither in his first Rule 3.850 motion. (Doc. 8-2 at 42–43) Consequently, the state court did not unreasonably apply *Strickland* by denying the claim as facially insufficient.

In his second Rule 3.850 motion[2], Morales asserted that "his counsel was ineffective for failing to convey terms of his plea offer correctly" and "had his counsel conveyed to him the terms of his plea concerning his community control, and his sex offender probation he

---

[2] Morales placed in the hands of prison officials for mailing his second Rule 3.850 motion six months after the post-conviction court denied his first Rule 3.850 motion. (Doc. 8-2 at 90, 191)

11

would not have entered a plea, but would have insisted on a trial." (Doc. 8-2 at 196–97) The post-conviction court denied the claim as follows (Doc. 8-2 at 210–12):

> . . . Defendant alleges ineffective assistance of counsel for failing to "correctly convey the terms of Defendant's plea offer." Defendant alleges that if his attorney had "conveyed to him the terms of his plea conceding his community control and his sex offender probation, he would not have entered a plea, but would have insisted on a trial." Defendant alleges he was prejudiced "by his counsel['s] failure to convey the terms of his plea, [and] had counsel correctly conveyed defendant's plea offer and the terms of his plea[,] defendant would have been able to make a more sound decision as to whether to take the plea or insist[ ] on a trial." He attaches to his motion a copy of a letter from his attorney in which Defendant asserts "counsel conceded to not conveying the terms of his plea." Defendant alleges he is over the age of 18 and counsel should have conveyed "all matters pertaining to defendant['s] case to him."
>
> Defendant cites to *Cottle v. State*, 733 So. 2d 963 (Fla. 1999), *Young v. State*, 608 So. 2d 111 (Fla. 5th DCA 1992), *Morales v. State*, 731 So. 2d 91 (Fla. 4th DCA 1999), and *White v. State*, 731 So. 2d 74 (Fla. 2d DCA 1999), as examples of ineffective assistance of counsel where an attorney fails to correctly convey a plea offer and its terms. Defendant alleges that but for counsel's errors, the result of the proceedings would be different. He contends that an evidentiary hearing should be held to determine whether "counsel failed to convey correctly the terms of the plea to the defendant."
>
> The Court finds [the claim] to be without merit. The Court first notes that Defendant pled open and did not plead guilty pursuant to a negotiated plea offer. Therefore, counsel could not have failed to "correctly convey the terms of Defendant's plea offer" where Defendant did not accept a plea offer from the State. The Court next notes that the cases cited by Defendant involve issues of failure to convey a plea offer resulting in the defendant proceeding to trial (*Young*, *Cottle*), failure to timely convey acceptance of a plea offer (*White*), and failure to adequately convey a plea offer to a defendant [who] did not speak English (*Morales*). The Court finds Defendant has not alleged counsel failed to convey an offer, failed to convey acceptance of an offer, or failed to ensure Defendant understood an offer had been made and, instead, has expressly alleged the following: "failure to correctly convey the terms of Defendant's plea offer" and "had

12

> his counsel conveyed to him *the terms of his plea concerning his community control, and his sex offender probation* he would not have entered a plea, but would have insisted on a trial." However, because Defendant did not accept a plea offer, there were no terms of a plea offer for counsel to convey.
>
> To the extent Defendant is alleging counsel failed to explain all of the terms of the probation that could be imposed as a result of pleading open, the Court finds Defendant raised this issue [in] his first Motion for Postconviction Relief. Specifically, Defendant alleged that his attorney failed "to explain all of defendant's probation stipulations." The Court identified this issue as claim 3(e), found it to be facially insufficient, and dismissed it without prejudice for Defendant to refile a facially sufficient claim within 60 days. When Defendant failed to refile a timely amended claim, the Court denied it with prejudice. The Court's denial of the claim was affirmed on appeal on March 8, 2017. Thus, as the issue presented in . . . Defendant's instant motion has been previously raised and denied with prejudice, the Court finds Defendant is barred from presenting the same issue in a subsequent rule 3.850 motion. Accordingly, for the above reasons, relief is not warranted . . . .

Morales raised a nearly identical claim in his first Rule 3.850 motion (Doc. 8-2 at 43), and the post-conviction court dismissed the claim with prejudice. (Doc. 8-2 at 90–91) Because Morales failed to allege new or different grounds for relief in his second Rule 3.850 motion and the prior ruling was on the merits, the post-conviction court dismissed the successive claim as procedurally barred. Fla. R. Crim. P. 3.850(h). The post-conviction court's procedural ruling rested on an independent and adequate state law ground, and therefore the claim is procedurally defaulted. *Whiddon*, 894 F.2d at 1267. Even though the post-conviction court considered the merits of the federal claim in the alternative, the court clearly and expressly relied on a state procedural rule to resolve the claim. *Bailey*, 172 F.3d at 1305. Morales shows neither cause and actual prejudice nor a miscarriage of justice to excuse the procedural default. (Doc. 1 at 9, 12) Consequently, the claim is procedurally barred from federal review. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008).

Even so, before Morales pled guilty both Morales and trial counsel signed a form memorializing the plea. (Doc. 8-2 at 228–31) The form advised Morales that he was pleading guilty to unlawful sexual activity with a minor and faced a maximum penalty of 15 years in prison. (Doc. 8-2 at 228) Fla. Stat. §§ 794.05(1) and 775.082(3)(d). Morales acknowledged that he "underst[ood] there [was] no agreement as to what sentence [he would] receive, and the Court [could] sentence [him] within its discretion." (Doc. 8-2 at 228) Morales further acknowledged that he understood that "no one, including [his] attorney, [could] accurately predict the actual time [he would] serve on a sentence and [he] may be required to serve the entire sentence." (Doc. 8-2 at 11)[3]

Standard conditions apply to all probationers or community controlees who are placed on supervision for a sex crime, including a crime under chapter 794, Florida Statutes. Fla. Stat. § 948.30(1). A list of those standard conditions was attached to the form that Morales signed. (Doc. 8-2 at 12–14) On the form, Morales acknowledged: "I have reviewed the standard terms of supervision and I understand I must follow them as well as any special conditions the court thinks are appropriate." (Doc. 8-2 at 11) The standard conditions attached to the form included registration as a sex offender under Fla. Stat. § 943.0435, consideration for involuntary commitment, and prohibitions or limitations on accessing the internet, viewing and possessing pornography, and visiting and living near a school, child care facility, park, or playground. (Doc. 8-2 at 12, 14) Because Morales knew before he pled guilty both the statutory maximum sentence of the crime and the standard conditions of probation

---

[3] The trial court sentenced Morales to 48 months in prison followed by 24 months of community control and 60 months of sex offender probation. (Doc. 8-2 at 28–30, 33–34) Under Florida law, the trial court imposed the terms of community control and sex offender probation as an alternative to prison — not in addition to the prison sentence. Fla. Stat. § 948.011; *Jackson v. State*, 276 So. 3d 972, 973 (Fla. 5th DCA 2019).

that the trial court could impose, Morales knowingly pled guilty and the record refutes the claim.

Morales contends that trial counsel conceded he had not conveyed "the terms of his plea in a letter to [Morales] dated October 14, 2015 which was Exhibit 1 [to] [Morales's] post-conviction motion." (Doc. 1 at 9) In the letter, trial counsel discussed communications between counsel and Morales's mother after Morales pled guilty. Morales asked questions about the probationary portion of his sentence after the trial court mitigated his sentence. (Doc. 1-1 at 2) Trial counsel could not directly contact Morales by telephone because Morales had transferred to prison to serve his sentence. (Doc. 1-1 at 2) Trial counsel instead spoke with Morales's mother who assured trial counsel that she relayed to Morales the answers to his questions. (Doc. 1-1 at 2)

In the letter, trial counsel neither concedes that he failed to convey the "terms of the plea" to Morales (Doc. 1 at 9) nor concedes that he failed to answer Morales's questions before the guilty plea. Trial counsel answered questions that Morales asked after he pled guilty. Before he pled guilty Morales signed the form which advised him of the exposure that he faced by pleading guilty without an agreement, including the mandatory terms of supervision. (Doc. 8-2 at 8–14) If Morales had any questions concerning the terms of supervision that would have impacted whether he wanted to plead guilty, Morales should have asked those questions before pleading guilty.

Morales identifies no additional terms that trial counsel failed to convey before the plea and no other deficient advice by trial counsel concerning those terms. Because the letter does not support Morales's claim and the form signed by Morales before the guilty plea refutes his claim, the state court did not unreasonably apply *Strickland*. *Brady v. United States*, 397 U.S.

15

742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."); *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009) ("The consequences of a guilty plea include 'any maximum possible penalty, including imprisonment, fine, and term of supervised release[.]'") (quoting Fed. R. Crim. P. 11(b)(1)(H)); *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) ("A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'"). Ground Two is denied.

Accordingly, it is **ORDERED** that Morales's petition is **DENIED** because all claims in the petition are both procedurally barred and without merit. The Clerk is **DIRECTED** to enter a judgment against Morales and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Morales neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on June 10, 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE